UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

ROGER CHIMNEY,

                       Plaintiff,

        -against-

NURSE TY, et al.,

                    Defendants.

---------------------------------------------------------------- x

**INITIAL REVIEW ORDER**

3:25-cv-1263 (VDO)

    Plaintiff Roger Chimney is an unsentenced inmate housed at Hartford Correctional Center ("HCC") in the custody of the Connecticut Department of Correction ("DOC").[1] He initiated this action by filing a Complaint *pro se* and *in forma pauperis* to assert claims for violation of his constitutional rights under 42 U.S.C. § 1983 against UConn Health Center, UConn Medical Provider Dr. McCrystal, Assistant Attorney General McChensy,[2] Claims Commissioner Robert F. Shea, and the following five DOC employees: Nurse Ty, RN April,

---

[1] The court takes judicial notice of publicly available information on the DOC website showing that Plaintiff was admitted to DOC on January 22, 2025, and is an unsentenced inmate housed at HCC. https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=302451 (last visited February 25, 2026). *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information). In addition, a review of the Connecticut judicial website reveals that Plaintiff has served several terms of incarceration within DOC for criminal convictions during the last nine years. *See* https://www.jud2.ct.gov/crdockets (last visited February 25, 2026).

[2] Plaintiff appears to reference Assistant Attorney General Jacob McChesney, who is listed as an Assistant Attorney General for public safety on the publicly available state website. https://portal.ct.gov/SOTS/Register-Manual/Section-IV/Executive-Officers. This Order will refer to AAG McChesney. The clerk is instructed to correct the docket to reflect this defendant's name as Jacob McChesney.

Kidd Collins, and Nurse Danielle.[3] Plaintiff asserts constitutional violations under Section 1983 arising from alleged indifference to his medical needs and safety and violation of his right to access the courts.[4] He seeks damages and equitable relief.[5]

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I.    FACTUAL BACKGROUND

While the court does not set forth all of the facts alleged in Plaintiff's complaint, it summarizes his basic factual allegations here to give context to its rulings below.[6]

---

[3] ECF No. 1. Under Rule 10(a) of the Federal Rules of Civil Procedure, a complaint must include the names of all parties in the case caption. *See* Fed. R. Civ. P 10(a). Thus, the court considers only claims against individuals who are named in the case caption.

[4] *Id.* at 1-2.

[5] *Id.* at 11.

[6] In his complaint, Plaintiff seeks an order for the court to "[r]etain Claim #26889 from defendants and set it as facts for this claim also." Compl. at 11. Plaintiff is advised that he may not rely on exhibits in lieu of alleging facts in the complaint to state a claim against a defendant. *See Rahim v. Barsto*, No. 3:22-CV-619 (MPS), 2022 WL 2704102, at *5 (D. Conn. July 12, 2022) (citing Fed. R. Civ. P. 8 and noting that plaintiff could not rely on exhibits to state deliberate indifference claim); *see also Walker v. Pastoressa*, No. 22-cv-997 (HGL) (GD), 2022 WL 3716742, at *5 (E.D.N.Y. Aug. 29, 2022) (noting plaintiff may not rely on exhibits to satisfy

On June 16, 2021, at 4:13 AM, Plaintiff notified Nurse Ty that he had fallen out of bed; that his hands and feet were numb and painful; and that he no control of his body on his left side.[7] At this time, Plaintiff was fifty years old, obese, diabetic, and disabled with multiple medical conditions.[8] The cell conditions were excessively hot.

Nurse Ty left Plaintiff in his cell with a promise to return but never did so.[9]

Head Nurse April, Nurse Ty, Dr. McCrystal, Medical Supervisor Collins, and a non-party nurse all acted to delay Plaintiff's hospital treatment by more than 13 hours.[10] RN April, Nurse Ty, Dr. McCrystal, and the non-party nurse all indicated to other staff that they were leaving early and that Plaintiff was not dying and would be better the next morning.[11]

Medical Supervisor Collins told Plaintiff to sit for a few hours and wait to be seen as he was busy.[12] Nurse Danielle asked Collins to call for Plaintiff to be sent to the hospital or she would do so herself.[13] Collins made the call at 6:33 PM.[14]

---

Rule 8's requirement to provide a short and plain statement). The court has, however, reviewed Plaintiff's exhibits for the purpose of clarifying the allegations of his Complaint.

[7] ECF No. 1 at 4, 24 (ex. 11).

[8] *Id.* at 4.

[9] *Id.* at 8.

[10] ECF No. 1 at 4, 9.

[11] *Id.* at 5.

[12] *Id.* at 9.

[13] *Id.* at 5, 9

[14] *Id.* at 9.

At 9:11 PM that evening, Plaintiff arrived at UConn Hospital and received medical care.

The UConn doctor advised Plaintiff that he had suffered a stroke that affected the left side of his body.[15] Dr. McCrystal later told Plaintiff that he left work early because RN April had not advised him that Plaintiff's situation was serious.[16]

Plaintiff pursued a complaint—Claim #26889—before Connecticut Claims Commissioner Shea from June 16, 2022 to December 16, 2024.[17] Both Commissioner Shea and AAG McChesney stated that the Claims Commissioner had no jurisdiction to resolve Plaintiff's complaint.[18] They both refused to provide Plaintiff with the instructions about how he should appeal the decision; nor did they provide him with a copy of Claim #26889 as required under the Commissioner's procedural rules so that Plaintiff may file his claim in another court.[19]

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

---

[15] *Id.* at 4-5.

[16] *Id.* at 9.

[17] *Id.* at 5.

[18] *Id.*

[19] *Id.* at 6.

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73,

79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

## III.    DISCUSSION

Plaintiff's Complaint raises concerns about constitutional violations arising from indifference to his medical needs and safety and interference with his right to court access. [20]

"The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by

---

[20] Plaintiff also asserts claims under Connecticut state law for negligence, medical malpractice, and infliction of emotional distress. The court limits its initial review under 28 U.S.C. § 1915A to Plaintiff's federal law claims. That is because the core purpose of an initial review order is to make a speedy initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims against any of the named defendants, then the court would decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367. If there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. More generally, the court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment.

the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205

(N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

It is well settled in this circuit that 'personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright*

*v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d

880, 885 (2d Cir. 1991)). "[A] plaintiff must plead and prove the elements of the underlying

constitutional violation directly against the official." *Tangreti v. Bachman*, 983 F.3d 609, 620

(2d Cir. 2020).

### A.    UConn Health

Plaintiff names UConn Health as a defendant. UConn Health is a hospital affiliated

with the University of Connecticut. The state and its agencies, however, are not considered

persons within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491

U.S. 58, 71 (1989) (holding that state and state agency are not persons within the meaning of

section 1983); *Gaby v. Bd. of Trs. of Cmty. Tech. Coll.*, 348 F.3d 62, 63 (2d Cir. 2003) (per

curiam) (collecting cases holding that state universities and their boards of trustees are not

persons within the meaning of section 1983). This includes UConn Health as a state agency.

*See Siminausky v. Starkowski*, No. 3:15-cv-159 (VLB), 2016 WL 236208, at *6 (D. Conn.

Jan. 20, 2016) (dismissing claims against UConn Health because UConn Health is not a

person within the meaning of section 1983); *Stewart v. John Dempsey Hosp.*, No. 3:03-cv-

1703 (WWE), 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that John Dempsey

Hospital University of Connecticut Health Center is not a person within the meaning of

section 1983).

As UConn Health is not a person within the meaning of section 1983, it cannot be sued in this action. All section 1983 claims against UConn Health are dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**B.      Indifference to Plaintiff's Medical Needs and Exposure to Excessive Heat**

Plaintiff asserts Eighth Amendment violations based on indifference to his medical needs and exposure to excessive heat. The status of a plaintiff as either a convicted prisoner or pretrial detainee dictates whether his claims of deliberate indifference are governed by the Eighth or Fourteenth Amendments. *See Charles v. Orange Cnty.*, 925 F.3d 73, 85 (2d Cir. 2019). Claims of pretrial detainees involving deliberate indifference to medical needs or unsafe conditions of confinement are considered under the Due Process Clause of the Fourteenth Amendment, but such claims brought by sentenced prisoners are considered under the cruel and unusual punishment clause of the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29-34 & n.9 (2d Cir. 2017); *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 717-18 (S.D.N.Y. 2017).

Here, publicly available information shows that Plaintiff has been incarcerated for several criminal convictions in the last nine years. *See* https://www.jud2.ct.gov/crdockets. Thus, the court cannot discern from the present record whether Plaintiff was detained pretrial or was serving a sentence when the alleged constitutional violations occurred. For purposes of initial review, the court construes Plaintiff's claims of deliberate indifference to fall under the more liberal standards of the Fourteenth Amendment for claims brought by pretrial

detainees.[21] *See Darnell*, 849 F.3d 29; *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (*pro se* complaints must be construed to raise the strongest arguments they suggest). Accordingly, the court considers whether Plaintiff has alleged facts to state any plausible claim for damages arising from indifference to his medical needs and safety under the Fourteenth Amendment. Plaintiff's Eighth Amendment claims are dismissed without prejudice.

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two prongs: (1) an objective prong, which requires a plaintiff to show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) a state of mind or "*mens rea*" prong, which requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29.

### 1.    Objective Element

With respect to the first prong of a deliberate indifference claim, the plaintiff must show that the conditions he experienced "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Id.* at 30. Relevant to objective element for Plaintiff's claim of medical indifference, "[t]he serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86 (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). For purposes of initial review only, the court assesses that Plaintiff's stroke and

---

[21] Plaintiff's status as a sentenced prisoner or a pretrial detainee may be resolved through discovery. On a more developed record, the court may determine that the Eighth rather than the Fourteenth Amendment applies.

excessively hot cell present sufficiently serious conditions to satisfy the objective element of the Fourteenth Amendment analysis. Accordingly, the court turns to consider whether any of the defendants' alleged conduct suggests indifference to Plaintiff's risk of harm from excessive heat or his serious medical needs after his fall.

### 2.    *Mens Rea* Element

With respect to the second prong or *mens rea*, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Negligence is insufficient to satisfy this component. *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).

### a.    Nurse Ty

Plaintiff's allegations suggest that Nurse Ty was aware or should have been aware that Plaintiff suffered from serious medical conditions due to his fall. Crediting the allegations as true, the Complaint supports an inference that Nurse Ty failed to take any reasonable measures to provide Plaintiff with responsive medical treatment after she became aware of his condition after his fall.

Likewise, Plaintiff's allegations support an inference that Nurse Ty was aware or should have been aware that Plaintiff was subject to excessive heat in his cell but nonetheless failed to take any measure to mitigate his risk of harm. Accordingly, the court permits Plaintiff to proceed on Fourteenth Amendment damages claims against Nurse Ty for her

indifference to his serious need for medical attention due to his fall and his risk of harm from excessive heat in his cell.[22]

### b.    Head Nurse April and Dr. McCrystal

Plaintiff alleges that Head Nurse April and Dr. McCrystal left work early and indicated that Plaintiff was not in any serious danger and would be better in the morning.

Plaintiff states in only conclusory terms that Nurse April was aware of his situation. He has not alleged facts to reflect that Nurse April was advised of the nature of his condition after his fall or that she examined him. No factual allegations support an inference that Dr. McCrystal was aware or should have been aware of the serious nature of Plaintiff's medical condition after his fall. The court cannot "speculate about unpleaded facts that might be favorable" for Plaintiff to hold Head Nurse April and Dr. McCrystal liable for indifference to his medical needs after his fall. *Darby v. Greenman*, 14 F.4th 124, 130 n.6 (2d Cir. 2021); *Tangreti*, 983 F.3d at 620.

---

[22] The court recognizes that the three-year statute of limitations relevant to section 1983 actions may bar Plaintiff's Fourteenth Amendment claims arising on June 16, 2021. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that the three-year personal-injury statute of limitations period set forth in Conn. Gen. Stat. § 52–577 is the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983). Although the statute of limitations is generally raised as an affirmative defense, a court may dismiss a claim where the allegations of the complaint demonstrate that the relief sought is time-barred. *Reese v. Lightner*, No. 3:!8-cv-1922 (KAD), 2019 WL 2176342, at *3 (D. Conn. May 20, 2019) (collecting cases).

But the limitations period may be tolled in certain circumstances. *See Arpin v. Semple*, No. 3:24-CV-1918 (SRU), 2025 WL 1358547, at *7 (D. Conn. May 9, 2025); *Middlebrooks v. Bradt*, 794 Fed. Appx. 72, 74 (2d Cir. 2019) (summary order) (holding that the limitations period must be tolled while a prisoner completes the mandatory exhaustion process under the Prison Litigation Reform Act, but only during the period when the prisoner is "actively exhausting" his administrative remedies). Thus, this initial review will not address whether Plaintiff's claims are time barred as such analysis is more appropriate for consideration on a fuller factual record.

Nor has Plaintiff alleged any facts to suggest that Head Nurse April or Dr. McCrystal knew or should have known that he was subject to excessive heat in his cell.

Accordingly, Plaintiff has not alleged plausible claims of Fourteenth Amendment indifference to his risk of harm from excessive heat against Defendants Head Nurse April and Dr. McCrystal. Such Fourteenth Amendment claims for damages against Nurse April and Dr. McCrystal are dismissed without prejudice as not plausible. *See* 28 U.S.C. § 1915A(a).

### c.    Nurse Danielle and Medical Supervisor Collins

Plaintiff has not alleged any facts from which the court may infer Nurse Danielle acted with indifference to Plaintiff's serious need for medical attention. Plaintiff's allegations only describe how Nurse Danielle acted responsively to ensure he received medical attention.

Plaintiff's claim of indifference by Medical Supervisor Collins presents a closer question. Collins allegedly told Plaintiff to wait for medical attention at the Medical Unit, but this allegation alone does not suggest indifference to Plaintiff's serious medical needs. Plaintiff has not alleged facts to support an inference that Collins was aware or should have been aware of the serious nature of Plaintiff's condition at that time. As presently alleged, Plaintiff's Complaint may state a claim that Collins acted negligently or with mere medical malpractice when he failed to recognize Plaintiff's serious medical needs. But negligence or mere medical malpractice is not enough to state a plausible Fourteenth Amendment claim for medical indifference. *See Acevedo v. City of New York,* No. 1:24-CV-558-GHW, 2025 WL 2802764, at *9 (S.D.N.Y. Oct. 1, 2025) (noting a plaintiff must plead sufficient facts to establish "something more than mere negligence" and "mere medical malpractice is not tantamount to deliberate indifference." (citing *Charles*, 925 F.3d at 87). No allegations

suggest that Collins refused or delayed taking responsive action after being alerted to Plaintiff's serious medical need for treatment.

Nor has Plaintiff alleged sufficient facts to support an inference that Medical Supervisor Collins and Nurse Danielle knew or should have known Plaintiff was exposed to a risk of harm from excessive heat in his cell but failed to take reasonable measures to mitigate his risk of harm.

Accordingly, the court dismisses without prejudice Plaintiff's Fourteenth Amendment indifference damages claims against Medical Supervisor Collin and Nurse Danielle. 28 U.S.C. § 1915A(b)(1).

### C.    Inadequate Conditions and Medical Care for Plaintiff's Disabilities and Other Medical Conditions

Plaintiff also asserts that he was housed in conditions not suited to his disabilities and other medical conditions and denied medical care for his disabilities and other medical conditions. *See* Compl. at 4, 10. Plaintiff cannot proceed in this action on these claims.

First, he has not alleged what housing conditions were inadequate for his disabilities and/or medical issues or what medical care was denied. He fails to describe how the individuals named as defendants in this action ignored his risk of harm posed by his confinement in conditions not suited to his disabilities and/or medical issues. Nor does he allege facts to suggest their involvement in deprivation of medical care for his disabilities and/or other medical issues. Plaintiff cannot allege plausible claims of constitutional violation based on a conclusory assertion of indifference to his conditions and/or medical needs. *See Cook v. Williams*, No. 25-CV-1029 (SFR), 2026 WL 221808, at *6 (D. Conn. Jan.

28, 2026) (dismissing plaintiff's claim of medical indifference absent factual allegations

about the defendants conduct relevant to plaintiff's medical treatment).

To the extent Plaintiff claims that his housing conditions violated his rights under the

American with Disabilities Act ("ADA"), Plaintiff has not alleged sufficient facts. Title II of

the ADA provides that "no qualified individual with a disability shall, by reason of such

disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132.

To establish a violation of Title II, a plaintiff must show "(1) that he is a 'qualified

individual' with a disability; (2) that he was excluded from participation in a public entity's

services, programs or activities or was otherwise discriminated against by a public entity; and

(3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont,*

340 F.3d 27, 34–35 (2d Cir. 2003) (internal citation omitted). A qualified individual can base

a discrimination claim under Title II of the ADA on one of three available theories: "(1)

intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make

a reasonable accommodation." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal

quotation marks omitted).

Plaintiff alleges that he is obese, diabetic and has suffered a stroke. Even assuming he

is a qualified individual covered by the ADA,[23] Plaintiff has not alleged facts to describe how

---

[23] The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual." *See* 42 U.S.C. § 12102(1)(A). Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *See* 42 U.S.C. § 12102(2)(A). "[I]n assessing whether a plaintiff has a disability, courts have been careful to distinguish

his conditions of confinement have resulted in his exclusion from the benefits of the services, programs, or activities at the prison. He appears to claim a failure to accommodate his disabilities without alleging facts to describe his inadequate conditions of confinement for his disabilities. *See, e.g.*, *Lenti v. Connecticut*, No. 3:20-CV-127 (SRU), 2020 WL 2079462, at *4 (D. Conn. Apr. 30, 2020) (noting allegations of complaint suggested that plaintiff was "deprived of the ability to use or access the prison facilities, including the toilet, sink, and recreation yard" and that "he would be able to use all three if he had a wheelchair, grab bars, and an accessible outdoor recreation yard."). Accordingly, the court concludes Plaintiff has not stated a plausible ADA violation.

In addition, Plaintiff's claims arising from his inadequate conditions of confinement or medical care for his disabilities and other medical conditions are misjoined in this action.[24] Federal Rule of Civil Procedure 20(a)(2) permits joinder of multiple defendants in one action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Under Federal Rule of Civil Procedure 21, the court may "drop a party" or "sever any claim against a party" that it finds to be improperly joined.

---

impairments which merely affect major life activities from those that substantially limit those activities." *See Troeger v. Ellenville Cent. Sch. Dist.*, 523 F. App'x 848, 852 (2d Cir. 2013) (quoting *Ryan v. Grae & Rybicki P.C.*, 135 F.3d 867, 870 (2d Cir. 1998)) (internal quotation marks omitted).

[24] "Misjoinder of unrelated claims against multiple defendants is a particular concern in prisoner-initiated cases because of the applicability of the three strikes and filing fee provisions of the Prison Litigation Reform Act." *Rosa v. Cook*, No. 3:22-cv-703 (SALM), 2022 WL 2981574, at *3 (D. Conn. July 28, 2022).

Thus, in deciding whether to sever a claim for misjoinder, the court should consider several factors, including whether the claims arise out of the same transaction or occurrence; whether the claims present some common question of law or fact; whether settlement of the claims or judicial economy would be facilitated; whether prejudice would be avoided; and whether different witnesses and documentary proof are required for the separate claims. *Fletcher v. City of New London*, No. 3:16-cv-241 (MPS), 2017 WL 690533, at *8 (D. Conn. Feb. 21, 2017).

Here, Plaintiff's claims arising from his exposure to excessive heat and medical deprivation on June 16, 2021, are not sufficiently related to his generalized claims of inadequate housing conditions and medical deprivation for his disabilities and other medical conditions. First, judicial economy would not be served by considering his claims arising from distinct factual predicates in this single action. Second, the defendants would be prejudiced by having to present different sets of evidence and witnesses for claims based on unrelated occurrences in this single action. Third, settlement negotiations would also be hindered by having to consider several distinct claims. Because Plaintiff's complaint includes claims that are not logically related, the case currently suffers from improper joinder. *Ibbison v. Quiros*, No. 3:22-CV-01163 (SVN), 2023 WL 1766440, at *8 (D. Conn. Feb. 3, 2023) (finding as misjoined three counts of claims of deliberate indifference to medical needs and the use of excessive force that related to different time periods, different incidents, and mostly different defendants).

Accordingly, the court dismisses Plaintiff's federal claims arising from his inadequate conditions of confinement and medical treatment for his disabilities and other medical issues

with prejudice to future amendment in this action. If Plaintiff wishes to pursue such claims, he may do so in a separate action.

###    D.    Right of Court Access

Plaintiff maintains that Claims Commissioner Shea and AAG McChesney deprived him of his right to court access.

To prevail in a § 1983 access to the court claim, an inmate-plaintiff must demonstrate that a prison official "actually interfered with his access to the courts or prejudiced an existing action." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 345 (N.D.N.Y. 2010). An inmate is required to demonstrate that he suffered an actual injury resulting from the conduct of the defendants. *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996). The plaintiff must allege that the defendant took, or was responsible for, actions that frustrated his efforts to pursue a nonfrivolous legal claim. *Id.* at 353; *see Christopher v. Harbury*, 536 U.S. 403, 414-415 (2002) ("Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost ... plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim" that he sought to pursue or seeks to pursue in court). This actual injury requirement "is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The Supreme Court has restricted the types of claims to direct appeals of criminal convictions, habeas petitions, and "civil rights actions—*i.e.*, actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Id.* (citation omitted); *see Jordan v. Chiaroo*, No. 3:24-CV-204 (VAB), 2024 WL 3925375, at *4 (D. Conn. Aug. 23, 2024) (citing *Lewis*, 518 U.S. at 353). "Impairment of any *other* litigating capacity is simply one of the incidental (but constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis in original).

Here, Plaintiff has not alleged facts to suggest that conduct by Commissioner Shea or AAG McChesney resulted in his actual injury by frustrating his effort to pursue a non-frivolous legal claim. In any event, Commissioner Shea and AAG McChesney are both entitled to immunity.

### 1. Claims Commissioner Shea

Both judges and other officials conducting quasi-judicial proceedings are absolutely immune from civil suit "for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction." *Butz v. Economu*, 438 U.S. 478, 509 (1978) (internal quotation marks and citation omitted). Absolute judicial immunity has been extended to various agency officials who share enough characteristics of the judicial process to warrant this protection. *See, e.g., id.* (Department of Agriculture hearing examiner); *Gyadu v. Workers' Compensation Comm'n*, 930 F. Supp. 738, 748–49 (D. Conn. 1996) (workers' compensation commissioner).

To determine whether absolute immunity should be afforded, the court should evaluate several factors including: "(a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Moriarty v. Brooks*, 111 F. App'x 30, 31 (2d Cir. 2004) (summary order) (quoting *Cleavinger v. Saxner,* 474 U.S. 193 202(1985)).

"[T]he Claims Commissioner [is] an adjudicator who hears claims initiated and prosecuted by a claimant and defended by the Attorney General or a state agency." *Am. Rock*

*Salt Co., LLC v. Wilson*, No. 3:15-CV-01848 (MPS), 2017 WL 1243132, at *6 (D. Conn. Jan. 6, 2017) (citing, *inter alia*, Conn. Gen. Stat. § 4-142(a) (The Office of the Claims Commissioner "shall hear and determine all claims against the state."); Conn. Gen. Stat. § 4-147 ("Any person wishing to present a claim against the State shall file with the Office of the Claims Commissioner a notice of claim ...")). As claims presented to the commissioner are the only way to obtain a monetary award from the state, "[t]he disappointment occasioned by an adverse decision often finds vent in imputations of malice" against the person making the decision. *Butz*, 438 U.S. at 513 (internal quotation marks omitted). Thus, there is a need to ensure that the commissioner can perform his or her functions without harassment or intimidation. The proceedings clearly are adversarial with the claimant seeking money from the state and the commissioner determining whether such claim appropriately is asserted. Finally, Connecticut General Statutes § 4-158 provides a right of review by the Connecticut General Assembly for the denial of any claim for more than $50.00. This right of review affords a safeguard for any unconstitutional conduct or error by the commissioner.

Because the Claims Commissioner's "functions are comparable to those of other judicial and quasi-judicial officers who have been afforded absolute immunity," Commissioner Shea is protected from suit by absolute immunity. *Burke v. Lamont*, No. 3:22-CV-475 (OAW), 2022 WL 3997549, at *14 (D. Conn. Sept. 1, 2022) (concluding Claims Commissioner Christy Scott was absolutely immune from suit under § 1983). Thus, Plaintiff's section 1983 claim against Commissioner Shea is not plausible and must be dismissed. *See* 28 U.S.C. § 1915A(b)(2).

### 2.    AAG McChesney

Prosecutors are protected from suit under section 1983 by absolute prosecutorial immunity in all matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function). Prosecutorial immunity has been extended to government attorneys who appear in litigation or court proceedings representing the government entity. *See Contreras v. Perimenis*, 562 F. App'x 50, 51 (2d Cir. 2014) (extending absolute immunity to AAG sued as government advocate); *see also Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986) ("Although government defense counsel, not having selected the other party as target of the litigation, is in a more passive position than a prosecutor or plaintiff's representative, he nevertheless functions in an adversarial arena where 'there is, if not always a winner, at least one loser,' and since he is charged with a public trust he should not be inhibited in the faithful performance of his duties by the threat of harassing lawsuits against him." (citation omitted)). These duties extend to statements made or advice given to their clients. *See Boyd v. Arnone*, 48 F. Supp. 3d 210, 21-16 (D. Conn. 2014) (AAG protected by absolute immunity regarding any advice given to client during representation).

Plaintiff challenges AAG McChesney's conduct during adjudication of his complaint before the Claims Commissioner and, therefore, seeks to hold McChesney liable for his role in an adversarial proceeding. As McChesney is protected from liability under absolute immunity, the court dismisses such claim pursuant to 28 U.S.C. § 1915A(b)(2).

### E.    Official Capacity Claims

The court considers whether Plaintiff may proceed for official capacity relief in this action.

A plaintiff may seek official capacity relief against a state official only to the extent that he alleges an ongoing violation of his constitutional rights for which a federal court may enter an order of prospective relief against that official in his official capacity. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022).

The court has determined that Plaintiff stated a plausible claim of Fourteenth Amendment violation against Nurse Ty based on her indifference to his exposure to extreme heat and medical needs after he fell off his bunk. But Plaintiff's complaint does not support plausible constitutional claims of ongoing indifference to his risk of harm from exposure to extreme heat or his medical needs after his fall on June 16, 2021. The court concludes Plaintiff has not alleged a plausible claim for official capacity relief to remedy any ongoing indifference of constitutional dimension.

Plaintiff has filed a motion for preliminary injunction and emergency order to show cause concerning his claim that Commissioner Shea and AAG McChesney failed to send him a copy of his Claim #26889. (ECF No. 5). He seeks an order to show cause why Shea and McChesney failed to respond to claim #26889 until December 16, 2024. *Id.* at 2. As Plaintiff has not alleged any plausible claims of an ongoing constitutional violation against Commissioner Shea or AAG McChesney in this action, the court must deny his motion for preliminary injunction and emergency order to show cause. *See, e.g.*, *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *McMillian v. Konecny*, No. 9:15-CV-0241 (GTS/DJS), 2018 WL 813515, at *2 (N.D.N.Y. Feb. 9, 2018) (relief sought in motion for temporary restraining order or preliminary

injunction must relate to claims in complaint); *Torres v. UConn Health*, No. 3:17-CV-325 (SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

As Defendants are state employees, the Eleventh Amendment bars the recovery of damages against them in their official capacities. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). All claims against Defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2). The court denies his motion for preliminary injunction and emergency order to show cause.

## III.    CONCLUSION

The court enters the following orders:

(1)    Plaintiff may **PROCEED** against Nurse Ty with his Fourteenth Amendment individual capacity claims of deliberate indifference to exposure to extreme heat and his need for medical care after his fall from his bunk on June 16, 2021.

Within 45 days from the filing date of this Order, Plaintiff may file an amended complaint to correct the deficiencies of his claims against Defendants for indifference to his exposure to heat and need for medical care after his fall on June 16, 2021. Plaintiff is advised that any amended complaint will completely replace the prior complaint filed in this action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

(2)    Plaintiff's claims under 42 U.S.C. § 1983 against UConn Health are **DISMISSED with prejudice.** Plaintiff's claims against Commissioner Shea and AAG McChesney are **DISMISSED with prejudice.**

Plaintiff's claims arising from inadequate conditions of confinement and medical care for his disabilities and other medical issues are **DISMISSED with prejudice** to filing an amended complaint in this action. If Plaintiff wishes to pursue such claims he must do so in a separate action.

All official capacity claims are **DISMISSED**, and Plaintiff's motion for preliminary injunction and emergency order to show cause [ECF No. 5] is **DENIED**.

(3)     The clerk shall verify the current work address of Nurse Ty with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to Nurse Ty at the confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Defendant Ty fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and Defendant Ty shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The clerk shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and Office of the Attorney General.

(5)     Defendant shall file a response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If Defendant chooses to file an answer, Defendant shall admit or deny the allegations and respond to the cognizable claims recited above. Defendant may also include any and all additional defenses permitted by the Federal Rules.

(6)    Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(7)    The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8)    All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(9)    According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10)    If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(d) provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendant or defendant's counsel of his new address.

(11)    Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn.

L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendant's counsel by regular mail.

**SO ORDERED.**

Hartford, Connecticut
February 26, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge